UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

CARLOS CONNOLLY,                )
                                )
    Plaintiff,                  )
                                )
    v.                          )    13-CV-3361
                                )
GEORGIA CLARK, et al.,          )
                                )
    Defendants.                 )

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and incarcerated in Illinois River Correctional Center, seeks leave to proceed in forma pauperis..

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that his eye doctor has twice prescribed Plaintiff two pairs of eyeglasses:  one pair for inside and a

transitional lens for outside.  Plaintiff is allegedly nearly blind in one eye and has photophobia, or light sensitivity in both eyes.  For over 40 years, Plaintiff possessed these two pairs of eyeglasses in prison without incident.  Upon Plaintiff's transfer to Logan Correctional Center, Plaintiff's outside eyeglasses were confiscated and destroyed for purported security reasons.  Plaintiff instead was given a piece of tinted plastic to place inside his eyeglasses when he goes outside.  Plaintiff seeks a pair of prescription transitional eyeglasses in plastic frames.  He asserts that he is willing to pay for the glasses.

   Given the apparent complexity of Plaintiff's eye condition and his prescription for two pairs of eyeglasses, the Court cannot rule out an Eighth Amendment claim for deliberate indifference to Plaintiff's serious need for two pairs of eyeglasses.  However, Plaintiff seeks injunctive relief in the form of compelling persons where he is currently housed to provide him with the glasses.  Plaintiff needs to name as Defendants the persons in his current prison with the authority to provide him the eyeglasses.  Plaintiff also needs to try to obtain the eyeglasses at his current prison.  In the meantime, this case will be sent for service.

**IT IS THEREFORE ORDERED:**

1)   Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim of deliberate indifference to Plaintiff's serious medical needs by not permitting Plaintiff a pair of prescription, transitional lenses for use outside.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)   If Plaintiff seeks injunctive relief (a Court order for a person to take certain action), then Plaintiff must name as Defendants the persons with the ability to take that action.  By February 3, 2014, Plaintiff shall inform the Court of the names of the persons at Plaintiff's current prison with the authority to provide Plaintiff his transitional eyeglasses.  Plaintiff should title his document as a "motion to add defendants."

3)   This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, except for his motion to add defendants, in order

to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does

not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an**

**initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

13) **The clerk is directed to send this order to Illinois Assistant Attorney General Karen McNaught.**

14) **A status conference is set for March 17, 2014 at 1:30 p.m. Plaintiff shall appear by video; Defense counsel shall appear in person. The Clerk is directed to issue a video writ.**

ENTERED: January 15, 2014

FOR THE COURT:

                                                        **s/Sue E. Myerscough**
                                                       SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE