UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CARLOS CONNOLLY, | ) |
| Plaintiff, | ) |
| v. | ) 13-3361 |
| GEORGIA CLARK, *et al.* | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Danville Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim for deliberate indifference to a serious medical need for events that occurred during his incarceration at Logan Correctional Center. Defendants Lercher and Clark, as well as the Plaintiff, have filed motions for summary judgment (Docs. 37, 40, 46). Defendant Carter, the optometrist at Illinois River Correctional Facility, was added as a defendant in this matter for purposes of Plaintiff's request for injunctive relief. Defendant Carter has filed a Motion to Dismiss (Doc. 33), which the Court will address first.

**Defendant Carter's Motion to Dismiss**

In his Motion to Dismiss, Defendant Carter seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  (Doc. 33). Defendant's motion fails to cite any supporting legal authority as required by Local Rule 7.1(B)(1), other than to reference Rule 12(b)(6) of the Federal Rules of Civil Procedure, and does not include a memorandum of law as required.  See CDIL Local Rule 7.1.  Defendant Carter was added as a defendant for Plaintiff's claim of injunctive relief.  When a Plaintiff seeks injunctive relief, the proper defendant is the person with the responsibility to ensure that such relief is carried out, regardless of whether that defendant personally participated in the alleged constitutional violations. Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011).  At the time, Defendant Carter was the optometrist responsible for Plaintiff's eye care and presumably had the authority to order the relief Plaintiff now seeks.  The issue of whether this still holds true is not presently before the Court.  Therefore, Defendant Carter's motion will be denied.

## Motions for Summary Judgment

In their respective motions, Defendants Clark and Lercher argue that Plaintiff does not suffer from a serious medical condition, and, even if he did, the Defendants were not deliberately indifferent because they were entitled to defer to the orders of the treating physicians.  The medical records show that: (1) Plaintiff was authorized to have two pairs of eyeglasses on October 15, 2009 by Dr. Davis, Plaintiff's optometrist at Logan Correctional Center ("Logan"); (2) Plaintiff's previously issued eyeglasses with transition (photochromic) lenses were confiscated on October 26, 2011, because they allegedly violated security rules; (3) Plaintiff was approved for transition lenses with a plastic frame on November 17, 2011 in a notation made by "R. Beard"; (4) for reasons unexplained, this decision was referred to "collegial" for review, again with a notation written by "R. Beard"; (5) on February 9, 2012, sun shields were in stock and transition lenses (in metal frame) were no longer needed ("R. Beard"); and, (6) on February 19, 2012, Defendant Clark issued Plaintiff a sun shield.

Defendant Clark, a nurse at Logan, and Defendant Lercher, the Healthcare Administrator, are entitled to defer to the orders of

treating physicians without fear of constitutional liability subject to certain exceptions: nurses must "defer to treating physicians' instructions and orders in most situations . . . [unless] it is apparent that the physician's order will likely harm the patient," and nonmedical professionals may defer so long as an inmate's complaints are not ignored. Berry v. Peterman, 604 F.3d 435, 440, 443 (7th Cir. 2010).

Defendants rely on the medical records to argue that Dr. Davis ordered that Plaintiff receive a sun shield in lieu of the transition lenses with a plastic frame, despite the fact that no actual order to that effect exists in the record. The notations upon which the Defendants apparently rely were signed by "R. Beard", an individual who the parties do not identify. The only notation in the record that could possibly be written by Dr. Davis is the entry authorizing Plaintiff to have two pairs of eyeglasses, but even that signature is close to indecipherable. (Doc. 50 at 5). On this record, the Court must assume that "R. Beard" made the decision to change Plaintiff's treatment plan. If "R. Beard" was a treating physician at Logan, then Defendants Clark and Lercher could properly defer to his

medical judgment.  If not, then the Defendants reliance on this notation is potentially misplaced.

Unless the Court can ascertain the role that "R. Beard" played in Plaintiff's medical treatment, or the parties can present evidence directly from Dr. Davis himself detailing the treatment orders he made with regards to the Plaintiff, summary judgment is inappropriate.  However, the Court has a responsibility to ensure that material issues of fact exist for a jury trial.  Therefore, the motions for summary judgment filed by Defendants Clark and Lercher and by the Plaintiff, will be denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Defendant Carter's Motion to Dismiss [33] is DENIED.  If, however, Defendant Carter is no longer the appropriate defendant for purposes of injunctive relief, he may file an appropriate motion within 28 days of this Order.**

2) **Plaintiff's Motion for Summary Judgment, and the Defendants' respective Motions for Summary Judgment are DENIED [37][40][46], with leave to renew within 28 days of this Order.**

**3) If any of the Defendants do not file a renewed motion within the time period allowed, Plaintiff is directed to file a motion to set trial date.**

ENTERED:     September 16, 2015

FOR THE COURT:

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
